# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| JIMMY LEE RASCO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN MULICENIK, United States Penitentiary Victorville,<br><br>Respondent. | Case No. CV 19-00821-MWF (DFM)<br><br>ORDER SUMMARILY DISMISSING PETITION |

Petitioner Jimmy Lee Rasco is a federal prisoner at the United States Penitentiary in Victorville, California. On February 4, 2019, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241, challenging a sentence imposed by the United States District Court for the Western District of Louisiana. See Dkt. 1 ("Petition"). Petitioner also filed a motion requesting immediate release. See Dkt. 2. For the reasons discussed below, the Court summarily dismisses the Petition without prejudice for lack of jurisdiction.

## I. BACKGROUND

In 1996, a jury in the United States District Court for the Western District of Louisiana found Petitioner guilty of conspiracy to commit armed bank robbery, armed bank robbery, and carrying and using a firearm during a crime of violence. See United States v. Rasco, 123 F.3d 222, 225 (5th Cir.

1997). Because the armed robbery was Petitioner's third "serious violent felony," he was sentenced to life imprisonment pursuant to 18 U.S.C. § 3559(c), the federal "three strikes" statute. Id. The Fifth Circuit affirmed his conviction and sentence, see id., and the Supreme Court denied Petitioner's writ of certiorari in January 1998, see Rasco v. United States, 522 U.S. 1083 (1998).

In 1999, Petitioner brought a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 in the Western District of Louisiana. See United States v. Rasco, No. 99-31030 (W.D. La. Jan. 13, 1999). The district court denied Petitioner's motion and the Fifth Circuit denied a certificate of appealability and dismissed the appeal. See id. In August 2004 and June 2016, the Fifth Circuit denied Petitioner's respective motions for authorization to file a successive § 2255 petition. See In re Rasco, No. 04-30842 (5th Cir. 2004); In re Jimmy Rasco, No. 16-30511 (5th Cir. 2016). Petitioner then filed the Petition in this Court.

## II. APPLICABLE LAW

A habeas petition brought under 28 U.S.C. § 2241 is subject to the same screening requirements that apply to habeas petitions brought under 28 U.S.C. § 2254. See Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Corpus Rules"), Habeas Corpus Rule 1(b) (providing that district courts may apply the Habeas Corpus Rules to habeas petitions that are not brought under § 2254). Accordingly, a district court may summarily dismiss a § 2241 petition before the respondent files an answer "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Habeas Corpus Rule 4; Mayle v. Felix, 545 U.S. 644, 656 (2005).

A federal prisoner who seeks to challenge the legality of confinement must generally rely on a § 2255 motion to do so. See Stephens v. Herrera, 464

F.3d 895, 897 (9th Cir. 2006) ("The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." (citation omitted)). There is, however, an exception to that general rule. Under the "escape hatch" of § 2255, a federal prisoner may file a § 2241 petition if, and only if, the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." Id. (internal quotation marks omitted). A prisoner may file a § 2241 petition under the escape hatch when the prisoner "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." Id. at 898 (internal quotation marks omitted).

## III. DISCUSSION

Petitioner contends that he is "actually innocent" of his three strikes enhancement. He argues that, under the First Step Act of 2018, Pub L. No. 115-391, 131 Stat. 5194 ("FSA"), one of his prior convictions is no longer considered a "serious violent felony."

Whatever the merits of Petitioner's argument, his claim is not one of actual innocence.[1] A claim of actual innocence of a three strikes enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the

---

[1] On first blush, Petitioner's argument appears to be incorrect. While the FSA did re-define what constitutes a "serious violent felony," it does not apply to Petitioner, who was sentenced more than twenty years after the FSA was enacted. See FSA § 401(c) ("This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment.") (emphasis added). Petitioner references § 404, which retroactively applied the revised statutory penalties of the Fair Sentencing Act of 2010, Pub. Law 111-220; 124 Stat. 2372. But the Fair Sentencing Act concerned drug offenses, not other violent felonies. See id.

3

type of claim that warrants review under § 2241. See Marrero v. Ives, 682 F.3d 1190, 1193 (9th Cir. 2012) (finding that petitioner's claim that he was incorrectly treated as a career offender "is a purely legal claim that has nothing to do with factual innocence" and thus "is not a cognizable claim of 'actual innocence' for the purposes of qualifying to bring a § 2241 petition under the escape hatch."); see also Dorise v. Matevousian, 692 F. App'x 864, 865-66 (9th Cir. 2017) (same).

As a result, Petitioner's claims must be brought under § 2255, in the sentencing court in the Western District of Louisiana—and only then with the permission of the Fifth Circuit. See Muth v. Fondren, 676 F.3d 815, 817 ("[J]urisdiction over § 2255 motions lies with the sentencing court, not the custodial district . . . ."); 28 U.S.C. § 2255(h) (providing that second and successive § 2255 motions must be certified by court of appeals).

### IV. ORDER

IT IS THEREFORE ORDERED that this action be summarily dismissed without prejudice under Habeas Corpus Rule 4.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 29, 2019

MICHAEL W. FITZGERALD
United States District Judge

Presented by:

DOUGLAS F. McCORMICK
United States Magistrate Judge